## HUGHES et v HAVENS et

Ohio Appeals, 2nd Dist, Franklin Co

No 2332. Decided Oct 20, 1933

L. P. Henderson, Columbus, and B. F. Hughes, Columbus, for plaintiffs in error. McFayden & Swisher, Columbus, for defendants in error.

## OPINION

By HORNBECK, PJ.

The errors urged by counsel for the defendants are: (1) that there was no proper proof of plaintiffs' ownership of the note; (2) that the court erred in refusing to admit certain testimony sought to be introduced by defendants; (3) error in refusing to accept certain testimony of other witnesses.

The court based its directed verdict upon two grounds; (1) that the defendants had failed to introduce evidence upon which the jury could measure defendant, Hughes' damages; (2) that the evidence of defendant, Hughes, showed that the Statute of Limitations had run against his claim.

Briefly, the facts necessary to an understanding of the questions of law raised are these: Mr. Havens granted to Mr. Hughes a ninety-nine year lease, with option to purchase, on thirty-two apartments and a store-room in the City of Columbus. By the terms of the lease Mr. Hughes was to pay the sum of $4800.00 annual rental with the option to purchase for the sum of $80,000.00. As a pre-requisite to putting Mr. Hughes into possession, Mr. Havens required the giving of a note in the sum of $4800.00 with two sureties thereon. The sureties were Thomas W. Phillips and Maurice B. Kessler. Mr. Hughes made a payment of $100.00 on the $4800.00 note. The action proceeded against all three makers as parties defendants.

We consider the errors urged in their order: (1) that there was no proper proof of ownership of the note. The note was introduced in evidence without objection. Upon its face it appeared that the defendants were the makers and the plaintiffs were the payees. Thereupon, a presumption arose that the payees named in the note, being the same persons who were parties plaintiffs and who produced the note, were the owners of it. This is true by statute and by presumption of law independent of the statute. Wehrman v Beach, 7 O.C.C. (N.S.) 367. (2) That the court erred in refusing to admit certain testimony sought to be elicited by questions propounded by counsel for defendants on the cross examination of Mr. Havens who had been called as a witness for the plaintiffs. These questions are found on page 6 of the record. The questions, objections and rulings of the court are as follows:

QUESTION: Now, when was it that they condemned those houses up there that you sold to Mr. Hughes?

MR. McFAYDEN: Object to the question.

THE COURT: Sustained.

A. When was it when that fire took place?

Q. Was that before they were sold to Hughes?

MR. McFAYDEN: Object.

THE COURT: Sustained.

A. No.

MR. HENDERSON: Are you objecting to the form of the question?

THE COURT: Members of the jury, you will disregard the answer.

MR. HENDERSON: I guess that is all.

If it be granted that the court should have permitted the questions to be answered, it does not appear that the answers, if given, would have been so material as to affect the verdict, one way or the other. If the court had permitted the witness to say when certain of the houses which Mr. Hughes had leased were condemned or when a fire took place in them, we cannot see, unless further substantive facts were developed, how the answers could have given the jury anything upon which they could predicate a finding of fact necessary to support a verdict for the defendant. Then, too, as urged by counsel for plaintiffs, the court had a right, within its discretion, to refuse to accept the testimony on cross-examination, the purpose of which was to prove the averments of the cross-petition of the defendants. The claimed error is not exemplified by the ruling of

the court on the first question because there is no proffer in the record of an answer disclosing what it would have been had the witness been permitted to answer the question. This is necessary. **Maxwell Motor Corporation v Winter, 118 Oh St, 622.**

(3) Error in refusing to accept certain testimony of the witness, Mrs. Blanche Bartlett, as found at page 21 of the record.

Q. Now, I will ask you one more question before I state that. State, Mrs. Bartlett, what, if anything, you saw about those premises indicating that the Board of Health had condemned the premises?
MR. SWISHER: Object to the question.
THE COURT: Sustained.
MR. HENDERSON: Note an exception.

Obviously, this witness was not the proper person by whom to prove that the Board of Health had condemned the premises.

It is further complained that the court erred in refusing to permit certain questions to be answered as propounded by counsel for defendants at page 19 and at pages 27, 28, 29 and 30 of the record. The court was clearly correct in its ruling at page 19 because the questions sought to elicit replies from the witness which could only have been hearsay testimony. Some of the questions found on pages 27 to 30, inclusive, would seem to have been proper but in no instance was there a proffer of answer as is required before this court can consider whether or not the refusal to permit the question to be answered was prejudicial. Nor were exceptions noted to the ruling of the court.

We have examined with care all the pages in the record wherein it is claimed the court erred in the rejection of testimony, but find no instance which discloses error prejudicial to the defendants.

We doubt if the court prejudiced any of the rights of the defendants in directing the verdict upon the ground that there had been no proper proof upon which the jury could measure the damage of defendants, if any.

If, in the most favorable intendment to the defendant Hughes, there may have been some evidence which would have required the court to submit the question of his nominal damages to the jury, there can, in our judgment, be no proper objection to the action of the trial court on the second ground of the motion, namely, that the cause of action was barred by the statute of limitations. The note upon which suit was instituted was given in September, 1927. The original cross-petition of the defendant

was filed February 19, 1932. It is the theory of the defendant that he had no knowledge of his cause of action until April of 1928. But the record clearly discloses that the agent whom he had in charge of the property covered by the lease, must have known, if so, of its untenable condition at all times after he began to collect the rents. The general scope of his agency, as found at page 66 of the record, was sufficient to authorize him to take notice of those defects upon which in part, at least, the defendant predicated his cause of action in his cross-petition. This authority was stated in the following question and answer in the cross examination of Mr. Hughes:

Q. Was the agent authorized to go ahead and make repairs?
A. He was to look after the property, collect the rents and take care of the ordinary repairs.

The knowledge of the agent is the knowledge of his principal.

But, independent of the knowledge of the agent, which must be imputed to his principal, the record discloses facts which, in the exercise of the care enjoined upon the defendant, must have put him on notice of the claimed misrepresentations of Mr. Havens, upon which defendant relied in his cross-petition. At page 52 of the record it appears that it came to the attention of the defendant within three months after the lease was executed, that the income of the properties was not $660.00 as it was claimed Mr. Havens represented it to be, but only $475.00. This, in part, was the subject matter concerning which the misrepresentations were claimed to have been made.

On page 50 of the record, it appears that the defendant had knowledge of the condition of the premises, learned upon inspection of certain work which Mr. Ryder had performed, which was in part subject matter set forth in his cross-petition. At page 63 of the record, it appears that the defendant had knowledge that there were doors out of the properties and it also appears that before the defendant saw Mr. Havens after his return from California, it had come to his attention from a representative of the Board of Health that the properties were in an unsanitary and unsafe condition.

Suffice to say that, without further detailed reference to the record, both; upon personal knowledge of the defendant, Hughes, and upon knowledge which must

be charged to him through his agent, Mr. Mann, it appears that he was aware of his cause of action more than four years prior to the time that he instituted suit thereon.

Plaintiffs in their reply plead the statute of limitations as a bar to the cause of action averred in the second amended answer and cross-petition. The trial court had no other alternative than to sustain the motion on the ground that the undisputed evidence disclosed that the cause of action of defendants was barred by the statute.

The verdict and judgment were for $4800.00, interest and costs. One of the plaintiffs, John W. Havens, at pages 4 and 5 of the record, states that "there has been $100.00 paid on the $4800.00 note." There is nothing in the record qualifying this admission and it would therefore appear that the judgment should be reduced by $100.00, in accord with the testimony. Subject to this reduction, the judgment of the trial court will be affirmed.

KUNKLE and BARNES, JJ, concur.